AO 91 (Rev 3/99) Criminal Complaint

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
FILED

NOV 2 1 2007

Michael N. Milby, Clerk

UNITED STATES OF AMERICA

V.

Arturo CUELLAR Jr.
YOB: 1987, United States Citizen

**CRIMINAL COMPLAINT**

Case Number: M-07-6238-M

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about November 19, 2007, in Hidalgo County, in the Southern District of Texas, defendant(s) did, (Track Statutory Language of Offense)

**illegally possess a firearm that had previously traveled in and affected interstate commerce, after being convicted in a court of law for a felony crime punishable by imprisonment for a term exceeding one year,**

in violation of Title **18** United States Code, Section(s) **922(g)(1)**.

I further state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives and that this complaint is based on the following facts:

(SEE ATTACHMENT A)

Continued on the attached sheet and made a part hereof: ■ YES ☐ NO

Approved
Terry L Leonard
Asst U.S. Attorney

Robert Flores, Special Agent
Signature of Complainant

Sworn to before me and subscribed in my presence,

at McAllen, Texas
City and State

_____
Date

Dorina Ramos, U. S. Magistrate Judge
Name and Title of Judicial Officer

Signature of Judicial Officer

# ATTACHMENT A

The facts establishing the foregoing issuance of an arrest warrant are based on the following:

I, Special Agent Robert Flores, affiant, do hereby depose and state the following:

1. I am a Special Agent of the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives. I have been a law enforcement officer for twelve years.

2. My duties include the investigation of violations of the federal firearms laws. I know it to be unlawful for any person who has been convicted of a felony to receive or possess a firearm, which has traveled in interstate or foreign commerce.

3. On Tuesday, November 20, 2007, I received a duty agent referral from the Pharr Police Department. Criminal Investigator Michael Perez advised me that Arturo CUELLAR Jr., a previously convicted felon, had been arrested by the Pharr Police Department for Unlawful Possession of a Firearm and Possession of Marijuana. Investigator Perez gave me a copy of Pharr Police Report No. 07-57642 and relayed the following facts:

4. On Monday, November 19, 2007, at approximately 9:20 AM, Pharr Police Officer R. Diaz was patrolling northbound on I Road. Upon approaching the intersection of Thomas Drive, Officer Diaz noticed that a black colored Cadillac Escalade was traveling eastbound toward I Road at a high rate of speed. As the Cadillac Escalade approached the intersection of Thomas Drive and I Road, it appeared to Officer Diaz that the Escalade was not going to stop at the designated stop and collide with a minivan that was traveling northbound on I Road just ahead of Officer Diaz' marked patrol unit. According to Officer Diaz' report, the driver of the minivan depressed his brakes and slowed down as it approached the aforementioned intersection. Officer Diaz commented that it is his opinion that the driver of the minivan must have sensed that the black Cadillac Escalade was not going to stop as well. The black Cadillac Escalade came to a stop at the corner of Thomas Drive and I Road, but well past the designated stop sign.

5. The black Cadillac Escalade made a northbound turn on I Road behind the minivan, ahead of Officer Diaz. As the Escalade traveled north, Officer Diaz noticed that the driver failed to drive on a single marked lane by driving between the shoulder and the designated northbound lane. Officer Diaz initiated a traffic stop near the corner of I Road and Juan Balli Road. The vehicle is described as a 2002 black Cadillac Escalade, bearing Texas license plate number: 322-GLC.

6. As Officer Diaz exited his patrol unit, he noticed that the driver of the Escalade was moving around inside of the vehicle while continuing to monitor the officer through the rear view mirror. Officer Diaz made contact with the driver, who identified himself via a Texas Identification Card as Arturo CUELLAR Jr. As Officer Diaz was talking to CUELLAR, he smelled the strong odor of marijuana emitting from within the Escalade. Officer Diaz informed CUELLAR of the reason for the stop and CUELLAR understood. Officer Diaz asked CUELLAR for proof of insurance and a driver license. CUELLAR had neither. Officer Diaz then asked CUELLAR to exit his vehicle and walk to the front of the patrol unit. CUELLAR complied. Officer Diaz noticed that while talking to CUELLAR, he appeared nervous. Officer Diaz asked CUELLAR for consent to search the vehicle and CUELLAR responded in Spanish something to the fact that he didn't have a choice. Officer Diaz advised CUELLAR that he (Officer Diaz) was only asking for permission. CUELLAR responded in Spanish something to the fact that the officer may as well arrest him now. Officer

Diaz asked CUELLAR if he had a firearm inside of the vehicle and CUELLAR responded "yes". Officer Diaz asked CUELLAR if he had a license to carry the firearm and CUELLAR responded "no". Officer Diaz then handcuffed CUELLAR and placed him in the back of his patrol unit. Officer Diaz asked CUELLAR where the firearm was located. CUELLAR told the Officer that the firearm was in the front seat. Prior to Officer Diaz retrieving the firearm, CUELLAR voluntarily told the officer that he (CUELLAR) also had a bundle of marijuana inside of the vehicle. Officer Diaz walked to the Escalade, looked inside through the passenger window and saw a bundle of marijuana wrapped in clear plastic on the back seat floor board area. As such, Officer Diaz recovered a black Hi-Point, Model: C9, .9mm handgun, Serial Number: P1286842 from between the front seat and center consol. In addition, one bundle weighing 10.8 pounds of marijuana was recovered from the rear seat floor board area.

7. On November 20, 2007, I obtained a copy of the Judgment and Sentence Report (J&S) and photograph from the Hidalgo County District Clerk's Office reference CUELLAR. The J&S documents the felony conviction of Arturo CUELLAR Jr. in the 139th District Court, Hidalgo County, Texas - Cause Number: CR-2766-06-C for Assault Against a Public Servant. CUELLAR was sentenced to two years imprisonment in the Texas Department of Criminal Justice – Institutional Division. CUELLAR served some time in prison then was paroled until April 16, 2008. On this same date I spoke with Armando Mora. Mr. Mora is the State Parole Officer in charge of supervising CUELLAR. Mr. Mora confirmed CUELLAR's felony conviction and informed me that he had already been advised of the arrest by the Pharr Police Department. Lastly, Pharr Police Department Criminal Investigator Michael Perez reviewed the photograph provided to me by the Hidalgo County District Clerks Office and confirmed that the person photographed is Arturo CUELLAR Jr.

8. On November 20, 2007, I contacted ATF Special Agent Marian Kupczynski. Special Agent Kupczynski is recognized in the Federal Court as an expert in the "origin of manufacture" (interstate nexus) of firearms and ammunition. I showed Agent Kupczynski the aforementioned firearm. SA Kupczynski determined that the firearm was manufactured outside the State of Texas and therefore traveled in interstate commerce if found in the State of Texas.

_____
**Robert Flores**
**Special Agent, ATF**

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE

_____                                          11/21/07
United States Magistrate Judge                                              DATE